---

[*General Term, October,* 1872.]

## The McGcwan Brothers Pump and Machine Company et al. *v.* John H. McGowan.

Theodore and John McGowan were manufacturers of pumps, under the name of "McGowan Brothers." John sold out all his interest in the business and assets of the firm to Theodore, including the old patterns, with the name "McGowan Brothers" on them, and Theodore was to assume the liabilities and succeed to the business of the firm, and associate with himself others if he chose. After the contract of sale was executed, there was inserted in the notice of dissolution a privilege to Theodore of using the old firm name, as to which there had been no previous negotiation. Theodore, with others, procured a certificate of incorporation, under the name "The McGowan Brothers Pump and Machine Company," and transferred to the said corporation all his rights and interest, as purchased from John.

*Feld,* that John, who set up a similar business by himself, was entitled to an injunction to restrain the corporation from the use of "McGowan

Brothers" in its name, the use of the old firm name granted to Theodore, being in the nature of a revocable license. That the old name is not a trade-mark to be used by the corporation; and while it has the right to use the old patterns and sell the castings with the name "McGowan Brothers" on them, it can not hold out by the corporate name, that *all* the articles made by it are in part the product of the skill and labor of John, or that the corporation is in fact the old firm. That a well-founded apprehension of injury is sufficient to warrant an injunction, where the act, if completed, must give a ground of action.

*Sage & Hinkle,* and *A. Taft & Sons,* for plaintiff in error.

*Thomas McDougal,* and *Hoadly & Johnson,* for defendant in error.

HAGANS, J.    This is a proceeding in error to reverse the judgment of the court at Special Term, and comes here on findings of the fact and the law. To the finding of facts no exception was taken, but a motion for a new trial was made, on the ground that the judgment of the court below was contrary to law in certain points, and not sustained by the findings of fact.

The action was brought by the defendant in error to restrain the plaintiff in error from using the name "McGowan Brothers," in the corporate style.   The material facts found show that Theodore J. McGowan began, in 1862, the manufecture and sale of hydraulic machinery and tobacco presses, and in 1863 went into partnership with his brother, the defendant in error, under the firm name of J. H. & T. J. McGowan, adding to the business of Theodore the manufacture and sale of pumps; that they continued in this business till 1865, when the firm name was changed to "*McGowan Brothers,*" under which name the brothers continued to do a profitable business till July 15, 1870, when the firm was dissolved; that the principal part of the business was the manufacture and sale of pumps, both of the brothers being respectively owners of several patents; that the factory and salesroom of the firm were at 94 and

96 Elm street, Cincinnati, Ohio, and the foundry in the Seventeenth ward.

When the firm was dissolved, the partners entered into a written contract, dated July 15, 1870, by which, among other things, John H. sold to Theodore J. his interest in all the tools, fixtures, patterns, stock, accounts, bills receivable, and all other property and assets of the copartnership, at $11,000 ; and John H. reserved the right to make, use, and sell articles and machinery manufactured under any of the patents used by the firm, and issued to him individually or to the firm, but none issued to Theodore J. Theodore J. assumed all liabilities. At the same time the following notice of dissolution was signed by both partners :

" The copartnership, etc., is dissolved by mutual consent. The business will be conducted by Theodore J. McGowan, who assumes all partnership liabilities, and is to collect all accounts due the firm and *to use the firm name in settlement.*"

At the same time, the defendant in error signed, for publication with the notice of dissolution, a card thanking the public for patronage to the firm, and soliciting a continuance of it to " my brother, who succeeds to the business." On the same day, in preparing the notice of dissolution for publication, there was inserted, after the words " the business will be conducted by Theodore J. McGowan," the words " *under the old style firm name,*" either by John H. or by his consent; and the notice thus altered was published on July 17, 1870. The reason given to John H. by Theodore J. for this alteration was, that he wanted to use a quantity of bill-heads and other printing on hand, which had been procured by the old firm, and which he had bought.

While the negotiations for the dissolution were pending, it was understood that the partner who purchased the property of the firm, and succeeded to the business, should be entitled to associate one or more persons with him therein; and accordingly, shortly after the purchase, Theodore J. associated two of the plaintiffs in error with him, under

the name of "McGowan Brothers," until the incorporation hereinafter mentioned. About a week or ten days after the publication of the altered notice, John ·H. objected that the alteration had been made without his consent, and objected to the use of the name "McGowan Brothers." This was before the formation of the corporation.

On August 11, 1870, the natural persons, plaintiffs in error, associated themselves together, pursuant to law, to form a corporation, called "The McGowan Pump and Machine Company," for the purpose of carrying on the business, and the certificate was, on August 20, 1870, recorded in the recorder's office of Hamilton county, Ohio.

On August 18, 1870, John H. announced, in the papers, that he had engaged in the manufacture of pumps and other machinery, in Cincinnati, under the name of "John H. McGowan & Co.," the factory to be known as "The McGowan Engine and Pump Company Works." The plaintiffs in error never organized under their act of incorporation, but on August 24, 1870, did obtain an act of incorporation under the name "The McGowan Brothers Pump and Machine Company," one of the plaintiffs in error, and shortly afterward organized under it. The reason alleged by the plaintiff in error for making this change of incorporation, was to avoid confusion of correspondence and orders which might result from similarity of names.

All the property and assets conveyed by John H. to Theodore J. was conveyed by Theodore J. to said company. One of the names attached to the certificate of incorporation was John H. McGowan, Sen.,who was the father of the defendant in error, and who became an incorporator, by a gift of stock, in the company, of the nominal value of $500, from Theodore J. The father was an old man unknown to the public, poor, and possessed no knowledge of the business.

A large part of the business of the corporation consists of the manufacture of said pumps, from patterns which were sold by John H. to Theodore J., and at the old foun-

dry, to which the name "McGowan Brothers" is attached, and of which they form a part, and that name is therefore cast upon the articles manufactured. The company has sent out large numbers of printed circulars to the old customers, containing the notice of dissolution as altered; but in its printed advertisements the corporation is announced as "*McGowan Brothers P. & M. Co.*," the words "McGowan Brothers" being in bold type, and especially conspicuous, and "P. & M. Co." in ordinary type, and much less conspicuous. This also occurs in some circulars, and in some the name is printed in full.

During the negotiations for the dissolution of the partnership, Theodore J. desired John H. to bind himself not to engage in the same business in Cincinnati, which he positively refused to do. During the negotiations for the dissolution, nothing was said about the good-will of the business, or the right of Theodore J. to use the old firm name. No valuation was especially made of or consideration specially paid for such use, other than appears in the contract of dissolution.

John H. is widely known as a man of great mechanical skill and ability, and as the senior member of the old firm of "McGowan Brothers," and is now extensively engaged in a similar business in this city. By the use of the words "McGowan Brothers" in their corporate name, in catalogues, circulars, advertisements, bill-heads, and upon the goods manufactured from the old patterns only, and by the use of defendant in error's father's name, as a member of said corporation, in no other way, however, than in the record of it in the county records, the public is to some extent led to believe that the defendant in error is connected with plaintiffs in error in their business, and that they are the firm of "McGowan Brothers," and defendant in error is under the necessity of combating this belief in the prosecution of his business.

As matter of law, the court found that the sale made by John H. to Theodore J. carried with it the good-will

of the firm of "McGowan Brothers," and that the same passed by assignment from said Theodore J. to the McGowan Brothers Pump and Machine Company, and became and is the property thereof, and by consequence the said company is entitled to all correspondence and orders addressed to the McGowan Brothers, and John H. has no right to them. But that the said corporation has no right to use the words "The McGowan Brothers," as part of the corporate name or otherwise, except as presently stated; that the public is deceived by such use, and John H. irreparably injured. And the court ordered the plaintiffs in error to be restrained from the use of said words as part of the corporate name, and from using or publishing the same in their business, in any manner, except upon the patterns sold by John H. to Theodore J. at the time of the dissolution, and upon castings therefrom. And the plaintiffs in error were allowed sixty days in which to change their corporate name, provided that they might publish or style themselves successors to the McGowan Brothers, and the costs were divided.

The plaintiffs in error excepted to the decision of the court, that they had no right to use the old firm name as part of the corporate name otherwise than as provided for by the court; that the public is deceived, and John H. irreparably injured, and to the restraining order.

There can be no doubt that where one partner sells to another partner a going business, every advantage arising from the fact of the sole ownership of the premises, stock, and establishment, including advantages acquired by the old firm in carrying on its business, whether connected with the old place or the old name, passes to the purchaser. Lord Elden describes this in *Crutwell* v. *Lye*, 17 Vesey, 346, as the probability that the old customers will resort to the old place. But the vendor will not be prevented from carrying on a similar business when, where, or with whom he pleases. Story on Part., sec. 99; Lindley on Part., sec. 161; *Kennedy* v. *Lee*, 3 Mer. 440; *Chenum* v. *Dewey*, 5 Russ. 29;

*Churten* v. *Douglass,* 5 Jurist (N. S.), 887; S. C., 1 Johns. (Eng.) 174.

Clearly, by the contract of sale, Theodore J. was given, in the business he afterward chose to establish, the exclusive right to represent his own or some other concern, as " late McGowan Brothers," or as " successors to McGowan Brothers." Whether the right to use the name " McGowan Brothers," *simpliciter,* passed also to Theodore J., by the sale, is not so clear. One partner might, for a sufficient consideration, sell this right, assuming, of course, all the consequences of its subsequent use. If he suffered himself to be held out still to the world as a partner, he might be made liable as such, though a notice of dissolution was published. Parsons on Part. 413, 414, and cases.

In looking into the notice of dissolution, we find that the use is provided of the old firm name *in settlement.* It is said, that Theodore J. had this right to this use in the absence of any stipulation. This is so; but we think the stipulation for this right was an exclusion of the right to use it in any other way. It is conceded that it must be expressly conveyed; but no special valuation of the use contended for, seems to have been made or any special consideration paid for it. It is said, that the consent of John H. to the alteration of the notice of dissolution is his construction of what was the contract at the time. It however appears, that it was rather a license to Theodore J. to use the old firm name. If so, it was revoked in sufficient time. While John H. might have been willing that Theodore J. might use the old firm name *simpliciter,* he might well refuse to allow the use of it by him in connection with others. In this view it was a personal license, and without consideration. There is certainly no express stipulation in the contract for such use of the old firm name as is claimed, and we think the finding of the court on this point was right. This is not the case of a surviving partner, who may have the right, under some circumstances, to continue the business in the old name. Nor is it a case such as

*Banks* v. *Gibson*, 34 Beav. 566, where two partners simply divided the assets of the concern, but made no arrangement as to the use of the firm name.  There Sir John Romily, M. R., refused an injunction, holding that each had the liberty of using the old firm.

But whether both conclusions are correct or not, the real ground on which the defendant in error stands, according to the findings of the court, is that the present use of the old firm name injures the business of the defendant in error, which is a similar business, as well as deceives the public, and that the plaintiffs in error derive, in fact, the benefit of his name and his skill by the use they make of the old firm name, thereby depriving him of his just share of the public patronage and of the fruits of his experience, reputation, and labor;  that the impression prevails that John H. is supposed to be a member of the corporation, or rather that the corporation is in fact the old firm, composed of both brothers.  There is not only the *idem sonans,* but the purpose to take advantage of this state of fact, to the detriment of the defendant in error, in what ought to be to him a fair field of competition.  The court found that John H. was obliged to combat this state of fact.  No such use of the old firm name could have been contemplated by the parties; for the contract does not exclude John H. from carrying on a similar business in Cincinnati.  The court below does not proceed on the idea that John H. would be liable for any debts contracted by the corporation.  Such a proposition could not be maintained perhaps.  Nor yet is the decree founded on any ground that there is not the right to indicate that the corporation is continuing the business of the old firm; but upon the ground that the use of the old firm name made by the corporation is such as to indicate that John H. is a member of it.

No actual damage was found to have been done, and no case of actual diversion of trade.  The defendant in error apprehends injury, and not without reason.  It is enough, when a party insists on doing an act, which, if com-

pleted, must give a ground of action or work an injury which can not be well compensated in damages, to justify the interference of the court.

The argument of the plaintiffs in error proceeds on the hypothesis that John H. sold to them the right to use the name as they do. We have seen that this claim can not be sustained. Nor can it be sustained on the ground that it is a mere trade mark. While it is true the plaintiffs in error may have the right to make castings from the patterns with " McGowan Brothers "on them, which Theodore J. purchased, that is a very different use from that made of the name in the corporate style. The use of the name on these patterns does not give any increased value to the articles made from them, growing out of the personal skill of the McGowan Brothers, but only indicates that they are the articles of the firm, made of the old patterns; while the other uses made of the old firm name, by the corporation, hold out that all the articles manufactured by it are in part the product of the skill and ability of the defendant in error. American Trade Mark Cases, 638; *Lea. Cl. Co.* v. *Am. L. C. Co.,* 10 Jurist (N. S.), 513; S. C., 11 Jurist (N. S.), 81.

A large number of cases were cited in the argument, but we see no reason from them to change the views we have expressed. We find no error in the judgment, and it will be affirmed.